UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARY LITCHHULT,

                          Plaintiff,                    **ORDER**
                                                                             CV 10-3311 (JFB)(ARL)

      -against-

USTRIVE2, INC.,
                          Defendant.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the defendant's letter application dated September 22, 2012, seeking to compel the pro se plaintiff to (1) comply with the court's Order, dated May 30, 2012, which directed plaintiff to "review her personal cellular phone and e-mail account and advise counsel whether they contain anything pertinent to the issues in the case," and (2) produce to defense counsel a true and correct copy of the documents that plaintiff brought to her deposition that were marked Exhibits 6, 9 and 12. The plaintiff opposes the application. Defendant's motion is granted, in part.

      In her opposition, plaintiff states that in "preparation" for her subsequent deposition on July 9, 2012, she "did indeed review her e-mail accounts as well as her cellular records and reported the results of that review at the deposition" that they did not contain anything pertinent to the case. A review of her testimony at that deposition, however, indicates that plaintiff could not attest that the records she had represented her complete personal cell phone records for the period September 15, 2008 to September 15, 2010 or that she had conducted a thorough and diligent search of her cellular telephone records:

      Q:      You said you glanced over [the personal cellular phone numbers] when you scanned over them?
      A:      Correct.
      Q:      This point – I'm not trying to put words in your mouth. If I understand you correctly, you can't tell me, as you sit here today at the deposition, whether you even have a complete set of records for that time period, September 2008 to April 2009; true?
      A:      I'm not sure. I need to double check at home.

      \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

      Q:      Did you sit down with your cell phone and any printouts and go through them for 2008 and 2009?
      A:      No. Can I ask you a question? Do you know long this is going to take? How many hours we're going to be?
      Q:      As I understand it, your efforts at complying with the Court regarding review of the cell phone records essentially meant scanning some set of documents that you have at home, you're not sure if it's the entirety of the time you worked at Ustrive and

>> kind of doing it from memory; is that a fair way of putting it?
> A: Yes.
>
> \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
>
> Q: Just to make this as simple as possible, in the records that you found there were records of calls made to and received from Ustrive offices that's in the documents?
> A: Yes.

(*Anderson Letter*, dated September 22, 2012, Ex. A, at 15, 24-26.) Likewise, a review of plaintiff's deposition testimony on July 9, 2012 indicates that she conducted only a cursory review of her personal e-mail accounts. (*Id.* at 28-50.)

In her opposition papers, plaintiff represents that she:

> again did a thorough search of her email accounts and cell phone records, spending five hours on Sunday, September 23, 2012 and spending five hours Monday, September 24, 2012, reviewing each of the email accounts as well as the cell phone records. Particular attention was paid to the Court prescribed time period of September 15, 2008 through September 15, 2010. Plaintiff will state again at the risk of sounding repetitive that none of my personal emails or cell phone records are material and necessary, not relevant to the causes of action nor will they be used in the defense or prosecution of any claim.

(*Litchhult Letter*, dated September 24, 2012, at 3.) Plaintiff's deposition testimony indicates that her initial search of her email accounts and cell phone records was cursory. Plaintiff represents that she has since conducted a thorough search of the records and that they do not contain anything relevant to the issues in this case. Plaintiff is cautioned, however, that any contact during the relevant period, even friendly contact, with the defendant or with employees she contends engaged in hostile actions or contact with other persons she claims were similarly situated may be relevant to the defense and should be disclosed. Guided by this criteria, plaintiff is directed to advise defense counsel in writing as to whether the records reflect any such contact on or before **October 23, 2012**.

Defendant's motion to compel Exhibits 6, 9 and 12 is denied. According to plaintiff, Exhibit 6 is a folder containing copies of this court's Orders and the originals of correspondence from defense counsel. Exhibit 9 is a copy of Defendant's First Set of Interrogatories and a copy of plaintiff's response to the same and accompanying exhibits. Exhibit 12 is a copy of the Answer. Each of these documents is already in the possession of defense counsel or is readily available from the docket report in this case. Defendant is directed to serve a copy of this Order on plaintiff forthwith.

Dated: Central Islip, New York
     October 9, 2012

SO ORDERED:

_____/s/_____
ARLENE R. LINDSAY

2

United States Magistrate Judge